# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 08CR3372-LAB |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE** |
| vs. | |
| FRANCISCO JAVIER MORA-GARCIA (6), | |
| Defendant. | |

In 2010, this Court sentenced Francisco Mora-Garcia to 135 months in custody after he pled guilty to helping to import 22 kilograms of actual methamphetamine and 23 kilograms of cocaine into the United States. Mora-Garcia has now filed a motion to remand his case for resentencing. The gist of the motion is that Mora-Garcia's sentence should be shortened since he has made the most of his time during the roughly seven years that he has been in custody by participating in numerous inmate education programs and other self-betterment activities. Relying on *Pepper v. United States*, 562 U.S. 476 (2011), Mora-Garcia argues that the Court should credit his post-sentence rehabilitation by reducing his sentence.

Unfortunately for Mora-Garcia, the law prohibits the Court from granting the relief he seeks. Subject to a few very limited exceptions, federal courts are generally prohibited from modifying a sentence once it has been imposed. 18 U.S.C. § 3582(c); *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1056 (9th Cir. 2011). A court may modify a sentence only "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules

of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Federal Rule of Criminal Procedure 35(a) states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Obviously, Rule 35 doesn't apply to Mora-Garcia's case because more than 14 days have passed since he was sentenced and because his original sentence was not the product of error.

18 U.S.C. § 3582(c)(2) provides another exception to the rule against modifying sentences, but it doesn't apply to Mora-Garcia's case either. Under section 3582(c)(2), a court has discretion to reduce a defendant's original sentence when the sentence is "based on" a guideline range that has subsequently been lowered by an amendment to the Guidelines. After Mora-Garcia was sentenced, the U.S. Sentencing Commission approved Amendment 782 to the Guidelines, which lowered the sentencing range for most drug offenses by 2 levels. The Commission also voted to make the changes retroactive. But Amendment 782 doesn't apply to Mora-Garcia's original sentence since he admitted that he participated in importing more than 4.5 kilograms of actual methamphetamine and Amendment 782 did not lower the Guidelines for such large amounts of drugs.

Finally, *Pepper* itself provides no stand-alone support for Mora-Garcia's request. As Mora-Garcia acknowledges in his moving papers, a sentencing court's ability to reduce a sentence based on post-sentence rehabilitation only comes about "once the original sentence is set aside on appeal." Mora-Garcia's sentence was not set aside on appeal, so resentencing him is not an option.

Because Mora-Garcia's is not eligible to have his sentence reduced his motion is **DENIED.**

**IT IS SO ORDERED**.

DATED: July 12, 2017

**HONORABLE LARRY ALAN BURNS**
United States District Judge

United States District Judge